# EXHIBIT 1

Ashley Shively (SBN 264912)
Rebecca G. Durham (SBN 319403)
**HOLLAND & KNIGHT LLP**
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: 415.743.6900
Fax: 415.743.6910
Email: ashley.shively@hklaw.com
Email: rebecca.durham@hklaw.com

Krysta Kauble Pachman (SBN 280951)
Eliza Finley (SBN 301318)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: kpachman@susmangodfrey.com
Email:  efinley@susmangodfrey.com

*Attorneys for Defendant*
*Forbes Media LLC*

*Attorneys for Plaintiffs*
*Domenica Berman and Abygael Piehl*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOMENICA BERMAN and ABYGAEL PIEHL, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>FORBES MEDIA LLC,<br><br>    *Defendant*. | Case No. 24-cv-09287-WHO |

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made and entered into this 21st day of April 2026 ("Execution Date") by and between Domenica Berman and Abygael Piehl ("Plaintiffs"), individually and on behalf of a Settlement Class, as defined below, and Forbes Media LLC ("Forbes," together with Plaintiffs, the "Parties").

WHEREAS, Plaintiffs are prosecuting the above-captioned class action case (the "Action") against Forbes in the United States District Court for the Northern District of California (the "Court");

WHEREAS, Plaintiffs allege Forbes violated the California Invasion of Privacy Act, Cal. Pen. Code § 638.51, and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, by collecting and sharing their, and the Settlement Class Members' IP addresses, unique identifiers, and/or personal information using trackers present on Forbes's websites ("Trackers");

WHEREAS, Forbes denies Plaintiffs' allegations and has asserted defenses to Plaintiffs' claims in the Action;

WHEREAS, arm's-length settlement negotiations have taken place between Settlement Class Counsel and counsel for Forbes, including an all-day mediation;

WHEREAS, on January 30, 2026, the Parties executed a binding Term Sheet memorializing the essential terms of the settlement agreed to by the Parties;

WHEREAS, Plaintiffs, through their counsel, have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims against Forbes according to the terms set forth below is in the best interest of Plaintiffs and the Settlement Class because of the value of the monetary and business practice change that Forbes has agreed to provide pursuant to the Agreement;

WHEREAS, Forbes, despite its belief that it is not liable for any claims that have been or could have been asserted in the Action and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment

1

contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Forbes with respect to the allegations in the Action:

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Releasees and except as hereinafter provided, without costs as to Plaintiffs, the Settlement Class, or Forbes, subject to the approval of the Court, on the following terms and conditions:

**A.    Definitions**

1.    "**Action**" means the civil action captioned *Berman, et al. v. Forbes Media LLC*, Case No. 24-cv-09287-WHO, pending in the United States District Court for the Northern District of California.

2.    "**Agreement**" or "**Settlement Agreement**" means this Settlement Agreement.

3.    "**Attorneys' Fees and Costs**" means the amount of attorneys' fees and costs and expenses to be requested by Settlement Class Counsel subject to Court approval in accordance with this Agreement.

4.    "**Authorized Claimant**" means a Settlement Class Member who timely submits a valid Proof of Claim to the Claims Administrator, which is accepted for payment.

"**Claims Administrator**" means the independent settlement administrator and notice provider agreed to by the Parties after obtaining multiple competing bids, subject to Court approval and Forbes's input, which will perform the duties of, among other things: (1) developing and implementing the Notice Plan; (2) issuing Notice to Settlement Class Members; (3) receiving and processing Proofs of Claim; (4) administering the Plan of Allocation; (5) distributing the Net Settlement Amount; (6) issuing any required tax paperwork' and (7) providing appropriate state and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 171 5..

5.    "**Class Settlement Amount**" means $10,000,000 (US$), which is the maximum amount to be paid by Forbes under this Agreement. The Class Settlement Amount shall be used

pay for: (1) Notice and Administration Costs; (2) Incentive Awards approved by the Court; (3) Attorneys' Fees and Costs awarded by the Court; and (4) all monetary relief made available to the Settlement Class as proposed by Plaintiffs and approved by the Court.

6.    "**Court**" means the United States District Court for the Northern District of California.

7.    "**Effective Date**" means the first business day after a Final Order and Judgment is entered in the Action granting approval to the terms of this Agreement without material modification (unless any modification is accepted by all Parties to this Agreement) and either of the following two events has occurred: (i) the date on which the time to appeal the Final Approval Order and Final Judgment expires with no appeal having been filed; or (ii) if an appeal is filed, the date on which such appeal of the Final Approval Order and Final Judgment is affirmed or the appeal is dismissed with no right of further appellate review. Notwithstanding the foregoing, any writ of certiorari to the Supreme Court of the United States pertaining solely to any order issued with respect to any Fee and Expense Application pursuant to Section H below, shall not in any way delay or prevent the Final Approval Order or Final Judgment from becoming final for purposes of determining the Effective Date.   Immaterial or ministerial changes to this Agreement ordered by the Court shall not be deemed "modifications" for purposes of this definition.

8.    "**Escrow Account**" means the separate escrow account designated and controlled by Settlement Class Counsel at one or more national banking institutions into which the Class Settlement Amount will be deposited for the benefit of the Settlement Class pursuant to this Agreement.

9.    "**Final Approval Order**" means the final approval order to be entered by the Court confirming approval of the Settlement Class for purposes of this settlement, approving the settlement of the Action in accordance with this Agreement after a final approval hearing, and dismissing this Action with prejudice.

10.    "**Final Judgment**" refers to the final judgment entered by the Court.

3

11. "**Incentive Awards**" means the amount of money, if any, awarded by the Court to the Plaintiff Class Representatives to compensate for their time and expenses incurred as a result of their participation in the Action.

12. "**Individual Settlement Payment**" means each Authorized Claimant's share of the Net Settlement Amount to be distributed to that Authorized Claimant, as allocated by the Court.

13. "**Net Settlement Amount**" means the Class Settlement Amount minus the combined total of: (1) any Attorneys' Fees and Costs approved by the Court; (2) any Incentive Awards approved by the Court; (3) the Notice and Administration Costs, and (4) any Taxes.

14. "**Notice**" means the Class Settlement Notice to be disseminated to the Settlement Class substantially in the form attached hereto as Exhibit A.

15. "**Notice and Administration Costs**" or "**Administration Costs**" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (1) developing the Notice Plan; (2) providing notice of the proposed Settlement by mail, publication, and other means to the Settlement Class; (3) receiving and reviewing claims; (4) administering the Plan of Allocation; (5) communicating with Settlement Class Members and other persons regarding the proposed Settlement and claims administration process; (6) distributing the proceeds of the Settlement; (7) fees related to the Escrow Account and investment of the Settlement Fund; and (8) providing notice under CAFA.

16. "**Notice Plan**" means the plan for providing notice of the Settlement to Settlement Class Members, which shall include notice by email (where available) and digital publication notice, as determined by the Claims Administrator, subject to Court approval.

17. "**Plaintiff Class Representatives**" means the named Plaintiffs in this litigation, Domenica Berman and Abygael Piehl.

18. "**Plan of Allocation**" means the plan for distributing the Net Settlement Amount to Authorized Claimants, as proposed by Plaintiffs and approved by the Court.

19. "**Preliminary Approval Date**" means the date on which this Court preliminarily approves this Agreement pursuant to Federal Rule of Civil Procedure 23(e).

4

20. "**Preliminary Approval Order**" means an order by the Court granting preliminary approval of this Settlement, approving the form and manner of notice, and setting the date for hearing on final approval of the Settlement.

21. "**Proof of Claim**" means the Proof of Claim form for submitting a claim substantially in the form attached hereto as Exhibit B.

22. "**Released Claims**" means all claims, rights, demands, and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that Plaintiffs or any other Settlement Class Member asserted or could have asserted in the Action or in any forum, on account of or arising out of or resulting from the alleged disclosure, use, interception, or recording of Settlement Class Members' IP addresses, unique identifiers, and/or personal information by Forbes and/or the Trackers on Forbes's websites through the Effective Date.

23. "**Releasees**" means Forbes and each of its respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, owners, representatives, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, licensees, joint venturers, insurers, and reinsurers; entities in which Forbes has a controlling interest; and any of the legal representatives, successors in interest or assigns of Forbes.

24. "**Releasors**" means the Plaintiff Class Representatives and the members of the Settlement Class who do not timely and validly opt out.

25. "**Settlement Class**" means all California residents who, from December 20, 2023 to the Preliminary Approval Date, accessed websites owned or controlled by Forbes and had their IP addresses and/or unique identifiers shared with third parties as a result of the Trackers present on Forbes's websites. Excluded from the settlement class are: (1) Forbes and its parents, subsidiaries, and affiliates, and the officers, directors, employees, and agents of any of them; (2) members of the immediate families of any officers or directors of Forbes, and the heirs, successors, or assigns of any of the foregoing; (3) anyone employed by Settlement Class Counsel's law firms; (4) any judicial officer to whom this Action is assigned, and his or her immediate family members;

and (5) any Person who timely and validly requests exclusion from the Settlement Class in accordance with the procedures set forth in this Agreement.

26. **"Settlement Class Counsel"** means Susman Godfrey L.L.P. and Don Bivens, PLLC.

27. **"Settlement Class Member"** means each member of the Settlement Class who has not timely and validly opted out.

28. **"Trackers"** means any software, code, pixel, beacon, tag, or other process embedded on a website that collects or causes to be shared, data about website visitors—including but not limited to IP addresses, device information, browser information, geographic location, unique identifiers and/or personal information.

29. **"Unknown Claims"** means any claims that have been or might have been asserted, or that hereafter may be asserted, concerning or arising out of the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act that were alleged or could have been alleged in the Action with respect to the Released Claims that one or more of the Releasors do not know or suspect to exist in his, her, or its favor at the time of the release.

**B.     Monetary Relief**

30. **Settlement Fund.** Forbes will fund a non-reversionary cash settlement fund for the benefit of the Settlement Class in the amount of $10,000,000. Within thirty (30) days after entry of the Preliminary Approval Order, Forbes shall deposit the Class Settlement Amount into the Escrow Account. The Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 and Section 468B of the Internal Revenue Code of 1986, as amended (the "Code"), and shall be treated as a qualified settlement fund from the earliest date possible. The Parties agree to any relation-back election required to treat the Escrow Account as a qualified settlement fund from the earliest date possible. Counsel for Forbes agree to provide promptly to Settlement Class Counsel the statement described in Treasury Regulation § 1.468B-3(e)(2). The Claims Administrator shall timely obtain a taxpayer identification number for the Settlement Fund and shall satisfy all information, reporting, and tax

return filing obligations arising with respect to the Settlement Fund, including the timely filing of any returns required under applicable Treasury Regulations.

31. **Use of Settlement Fund.** The Class Settlement Amount shall be used to pay: (1) Notice and Administration Costs; (2) any Attorneys' Fees and Costs awarded by the Court; (3) any Incentive Awards awarded by the Court; and (4) the claims of Authorized Claimants. The Claims Administrator shall be responsible for the timely and proper filing of all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)) and may retain a tax professional for this purpose, the costs of which shall be paid from the Settlement Fund as part of Notice and Administration Costs. Each Authorized Claimant shall be solely responsible for any taxes owed on any Individual Settlement Payment received by such Authorized Claimant.

32. **Distribution to Authorized Claimants.** The Net Settlement Amount shall be distributed to Authorized Claimants who timely submit valid Proofs of Claim, on a pro rata basis in accordance with the Plan of Allocation approved by the Court. Settlement Class Counsel will apply to the Court for a Distribution Order approving the Claims Administrator's determinations concerning the acceptance and rejection of claims submitted and directing payment of the Net Settlement Amount to Authorized Claimants.

33. **Claims Process.** Each Settlement Class Member who wishes to receive a payment from the Net Settlement Amount must timely submit a valid Proof of Claim to the Claims Administrator. All Proofs of Claim must be submitted by the deadline set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Amount but shall in all other respects be bound by all of the terms of this Agreement and the Settlement, including the terms of the Final Judgment and all releases provided for herein.

34. **Residual Funds.** If there is any balance remaining in the Net Settlement Amount after six (6) months from the date of distribution (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic

7

fashion. Any balance that still remains in the Net Settlement Amount after this redistribution shall be contributed to non-sectarian, not-for-profit charitable organizations serving the public interest as designated by Plaintiffs and approved by the Court or may be escheated pursuant to appropriate unclaimed property law.

**C.      Business Practice Changes**

35.    Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, no later than 60 days after the Settlement Effective Date, Forbes agrees to modify its websites to provide greater notice regarding Forbes' use of Trackers as part of Forbes ongoing compliance with applicable privacy laws, including in its privacy policy and other consumer facing disclosures. Nothing herein shall require Forbes to make any changes inconsistent with the requirements of the California Consumer Privacy Act, Cal. Civ. Code §§ 1798 *et seq.* and its implementing regulations, or any other federal or state privacy statutes.

**D.      Notice to Settlement Class Members**

36.    **Notice Plan.** The Parties agree that the Notice Plan will include notice by email, where reasonably available in Forbes' records, and by digital publication notice. The Claims Administrator shall have authority and discretion over the notice dissemination process consistent with due process requirements, subject to Court approval.

37.    **Direct Notice.** In the event that the Court preliminarily approves the Settlement, no later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibits __and __, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

38.    **Reminder Notice.** Both thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email substantially in the form attached as Exhibit D (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim

Form, to all Settlement Class Members for whom a valid email address is available in the Class List and who have not filed a valid Claim Form.

39.    **Publication Notice.** The Parties shall engage the Settlement Administrator to disseminate publication notice designed to effectuate a reach of at least 70% of Settlement Class Members.

40.    **Settlement Website.** Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit B hereto.

41.    **Class List.** Within thirty (30) days after entry of the Preliminary Approval Order, Forbes will provide to the Claims Administrator a class list that includes Settlement Class Members' full names and email addresses (to the extent reasonably available) as reflected in Forbes's records.

42.    **Notice Timing.** Subject to the requirements of any orders entered by the Court, no later than sixty (60) calendar days after the Preliminary Approval Date, the Claims Administrator shall commence dissemination of Notice in accordance with the Notice Plan. The Parties agree and understand that if more time is needed to prepare and publish the Class Settlement Notice, they will agree on another date, unless otherwise ordered by the Court.

43.    **Class Website.** The Claims Administrator will establish, maintain, and update a Class Website to provide relevant information to Settlement Class Members regarding the Settlement, including copies of the Class Settlement Notice and certain non-confidential court filings and orders related to the Settlement.

44.    **Effect of Notice.** The emailing or receipt of a Class Settlement Notice to any person or entity that is not in the Settlement Class shall not render such person or entity a part of the Settlement Class or otherwise entitle such person to participate in this Settlement.

E.    **Opt-Outs and Objections**

45.    **Opt-Out Procedure.** Any Settlement Class Member that wishes to be excluded from the Settlement Class must submit to the Claims Administrator a written request for exclusion

9

sent by U.S. mail and postmarked no later than forty-five (45) calendar days after the Notice Date. Exclusion requests must clearly state that the Settlement Class Member desires to be excluded from the Settlement Class and be signed by such person or by a person providing a valid power of attorney to act on behalf of such person. A list reflecting all valid requests for exclusion shall be filed with the Court by Settlement Class Counsel prior to the Final Approval Hearing.

46. **Effect of Opt-Out.** Any Settlement Class Member that does not file a timely written request for exclusion in accordance with this Section shall be bound by all subsequent proceedings, orders, and judgments in this Action.

47. **Objection Procedure.** Settlement Class Members may object to this Settlement by sending a written objection to the Court no later than forty-five (45) calendar days after the Notice Date, or as otherwise determined by the Court. Unless otherwise ordered by the Court, the objection must contain: (1) the full name, address, telephone number, and email address, if any, of the Settlement Class Member; (2) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (3) copies of any papers, briefs, or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing; and (6) the signature of the Settlement Class Member or his/her counsel.

48. **Waiver of Objections.** Settlement Class Members who do not timely make their objections as provided herein will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

F. **Approval of this Agreement and Dismissal of Claims**

49. **Cooperation.** Plaintiffs and Forbes shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures to secure the complete and final dismissal with prejudice of the Action.

50. **Preliminary Approval Motion.** By April 30, 2026, Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement. The Preliminary Approval Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, (ii) a

10

proposed form of the Notice, and (iii) a proposed form of order and final judgment. Plaintiffs will share a draft of the Preliminary Approval Motion with Forbes no less than four (4) business days before it is filed. The text of the proposed order shall be agreed upon by Plaintiffs and Forbes before submission of the Preliminary Approval Motion. To the extent the Court finds that the Agreement does not meet the standard for preliminary approval, the Parties will negotiate in good faith to modify the Agreement directly or with the assistance of an agreed-upon mediator and endeavor to resolve the issue(s) to the satisfaction of the Court.

51.    **Final Approval.** Plaintiffs shall seek, and Forbes will not unreasonably object to, the entry of a Final Approval Order and Final Judgment in the Action. The terms of that proposed order and final judgment will include, at a minimum:

a)  certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure solely for the purposes of this settlement;

b)  approving this Settlement and its terms as being a fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

c)  directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

d)  reserving exclusive jurisdiction over the Settlement and this Agreement to the Court; and

e)  determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal shall be final.

52.    **Finality.** This Agreement shall become final on the Effective Date. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the Effective Date. On the date that Plaintiffs and Forbes have executed this Agreement, Plaintiffs and Forbes shall be bound by its terms and this Agreement shall not be rescinded except in accordance with the terms of this Agreement.

11

**G.     Release, Discharge, and Covenant Not to Sue.**

53.     **Release by Settlement Class.** Upon the Effective Date, and in consideration of the monetary relief and business practice changes provided by Forbes, the Releasees shall be completely released, acquitted, and forever discharged from any and all Released Claims.

54.     **Section 1542 Waiver.** Releasors hereby expressly waive and release, upon the Effective Date, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Releasors also waive any similar, comparable, or equivalent law of any other state or territory of the United States or principle of common law.

55.     **Covenant Not to Sue.** The Releasors expressly agree that they shall not now or hereafter institute, maintain, assert, join, or participate in, either directly or indirectly, on their own behalf, on behalf of a class, or on behalf of any other person or entity, any action or proceeding of any kind against the Releasees asserting Released Claims.

56.     **Preservation of Rights.** Notwithstanding the foregoing, all rights of Plaintiffs and any Settlement Class Member against any other person other than Releasees are specifically reserved by Plaintiffs and the Settlement Class Members. This Agreement shall not release Forbes from paying any obligations that may be owed outside the scope of this Settlement.

**H.     Attorneys' Fees and Costs; Incentive Awards**

57.     **Fee Application.** Settlement Class Counsel may submit an application to the Court for: (1) an award of attorneys' fees, (2) reimbursement of expenses and costs incurred in connection with prosecuting the Action, and (3) Incentive Awards (the "Fee and Expense Application"). The Fee and Expense Application shall be filed no later than the Notice Date, so as to provide Settlement Class Members at least forty-five (45) days to review and object to the Fee and Expense Application before the objection deadline. Plaintiffs will move for an award of Attorneys' Fees and Costs not to

12

exceed twenty-five percent (25%) of the Class Settlement Amount. Plaintiffs will move for Incentive Awards not to exceed $2,500 per Plaintiff Class Representative. Forbes agrees not to oppose Plaintiffs' request for Incentive Awards to the extent it does not exceed this amount.

58.    **Payment.** All Attorneys' Fees and Costs and Incentive Awards shall be paid from the Class Settlement Amount.

59.    **Severability of Fee Award.** The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application is not part of this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceeding related to the Fee and Expense Application, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Judgment.

**I.    Rescission and Termination**

60.    **Right to Rescind.** If the Court refuses to approve this Agreement or any material part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the Final Judgment, or if on appellate review the Final Judgment is not affirmed in its entirety, then Forbes and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.

61.    **Effect of Termination.** In the event that this Agreement does not become final, or is otherwise terminated, then this Agreement shall be of no force or effect. Plaintiffs and Forbes expressly reserve all rights and defenses if this Agreement does not become final. In such event, any portion of the Class Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Costs actually incurred and paid from the Class Settlement Amount, shall be returned to Forbes within thirty (30) calendar days.

62.    **Non-Admission.** This Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Forbes, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the Action.

**J.    Miscellaneous**

63.    **CAFA Notice.** Forbes shall submit all materials required to be sent by it to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and Plaintiffs shall cooperate to provide Forbes with necessary information regarding the Settlement Class and Plaintiffs' claims.

64.    **Jurisdiction.** The Court shall retain exclusive jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement. This Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

65.    **Entire Agreement.** This Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and Forbes pertaining to the settlement of the Action against Forbes, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between Plaintiffs and Forbes in connection herewith, except that this Agreement is intended to effectuate and supersede the Term Sheet executed by the Parties on January 30, 2026. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Forbes and approved by the Court.

66.    **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit of, the respective heirs, successors and assigns of Plaintiffs and Forbes. Each and every covenant and agreement made herein by Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors.

67.    **Counterparts.** This Agreement may be executed in counterparts by Plaintiffs and Forbes, and a facsimile or electronic signature shall be deemed an original signature for purposes of executing this Agreement.

68.    **Construction.** Neither Plaintiffs nor Forbes shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

14

69.    **Notices.** Where this Agreement requires either party to provide notice or any other communication to the other, such notice shall be in writing and shall be provided by electronic mail (provided that the recipient acknowledges having received that email) or overnight next day delivery using a commercial delivery service to the undersigned counsel of record for the party to whom notice is being provided.

70.    **Authorization.** Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

Dated:  April 21, 2026                          SUSMAN GODFREY LLP

                                                By:  /s/ _Krysta Kauble Pachman_
                                                       Krysta Kauble Pachman

                                                Attorney for Plaintiffs Domenica Berman and
                                                Abygael Piehl

                                                HOLLAND & KNIGHT LLP

                                                By: /s/_____
                                                       Caitlin Saladrigas

                                                Attorney for Defendant Forbes Media LLC


                                   **EXHIBITS**

**Exhibit A:** Draft Class Settlement Notice

**Exhibit B:** Draft of Proof of Claim Form