# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENICA BERMAN and ABYGAEL PIEHL, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>FORBES MEDIA LLC,<br><br>    *Defendant*. | Case No. 24-cv-09287-WHO<br><br>**[PROPOSED ORDER] GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. William H. Orrick |

Before the Court is Plaintiffs Domenica Berman and Abygael Piehl's ("Plaintiffs") Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). Plaintiffs and Defendant Forbes Media, LLC ("Forbes") (collectively, "Parties") have entered into a settlement agreement, dated April 21, 2026 ("Settlement Agreement") resolving claims that Forbes violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 638.51(a), and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, by collecting and sharing user information through third-party trackers present on Forbes's websites. Having reviewed the Settlement Agreement, including the proposed forms of class notice, the Motion, and the papers and arguments submitted in connection therewith, and good cause appearing, the Court hereby **ORDERS** as follows:

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA") and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3.      Plaintiffs' Unopposed Motion for Preliminary Approval is GRANTED.

4.      The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Federal Rule of Civil Procedure ("Rule") 23(e). The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement. The Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members. The Court finds that Plaintiffs and proposed Class Counsel have adequately represented and will continue to adequately represent the Settlement Class. The Court further finds that the Settlement Agreement is the product of arm's-length negotiations by the Parties with the assistance of the Honorable Suzanne H. Segal as mediator.

5.      The Court preliminarily finds that the relief provided—a non-reversionary common settlement fund of $10,000,000—is adequate considering, inter alia, the costs, risks, and delay of

1

trial and appeal, the alleged harm to Settlement Class Members, and the significant litigation risks including unsettled questions of Article III standing for CIPA pen register claims. The Court preliminarily finds that the Settlement Agreement treats the Settlement Class Members equitably relative to each other, and that the proposed allocation of settlement funds on a pro rata basis to Settlement Class Members who timely submit valid claims is reasonable and equitable.

6.      The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Rules 23(a) and 23(b)(3), consisting of: all California residents who, from December 20, 2023 to the date of this Order, accessed websites owned or controlled by Forbes and had their IP addresses and/or unique identifiers shared with third parties as a result of the Trackers present on Forbes's websites. Excluded from the Settlement Class are: (1) Forbes and its parents, subsidiaries, and affiliates, and the officers, directors, employees, and agents of any of them; (2) members of the immediate families of any officers or directors of Forbes, and the heirs, successors, or assigns of any of the foregoing; (3) anyone employed by Settlement Class Counsel's law firms; (4) any judicial officer to whom this Action is assigned, and his or her immediate family members; and (5) any Person who timely and validly requests exclusion from the Settlement Class in accordance with the procedures set forth in this Agreement.

7.      The Court finds that for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Rules 23(a) and 23(b)(3)—namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable, with approximately 3.9 million Settlement Class Members; (2) there are common questions of law and fact, including whether the Trackers are "pen registers" or "trap and trace devices" under CIPA, whether Forbes installed or used the Trackers, and whether the Trackers collect IP addresses and unique identifiers from visitors to Forbes's websites and transmit that information to third parties; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO: 24-cv-09287-WHO

8.    Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties. In the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect, the Parties preserve all rights and defenses regarding class certification.

9.    The Court hereby appoints Plaintiffs Domenica Berman and Abygael Piehl as Class Representatives to represent the Settlement Class.

10.    The Court hereby appoints the law firm of Susman Godfrey L.L.P. and Don Bivens PLLC as Class Counsel for the Settlement Class.

11.    The Court hereby appoints Kroll Settlement Administration LLC ("Kroll") as Settlement Administrator and directs Kroll to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

12.    Pursuant to Rules 23(e)(1) and 23(c)(2)(B), the Court approves the proposed notice program set forth in the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits to the Settlement Agreement. The Court finds that the proposed notice program meets the requirements of due process under the United States Constitution and Rule 23, and that such notice program—which includes email notice to known Settlement Class Members, a digital media and targeted advertising campaign designed to reach at least 70% of the Settlement Class, and the establishment of a Settlement Website—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

13.    The Court further finds that the proposed form and content of the notice is adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms.

14.    The Court directs the Settlement Administrator and the Parties to implement the notice program as set forth below:

a.    **Settlement Class Member Contact Information**: Pursuant to the Settlement

3

Agreement, Forbes shall provide the available contact information of every Settlement Class Member, including full names and email addresses to the extent reasonably available in Forbes's records, to the Settlement Administrator within thirty (30) days after entry of this Preliminary Approval Order.

b. **Email Notice**: No later than sixty (60) calendar days following the entry of this Preliminary Approval Order (hereinafter, the "Notice Date"), the Settlement Administrator shall issue an Email Notice substantially in the form attached to the Settlement Agreement to each Settlement Class Member whose email address is known to the Settlement Administrator.

c. **Publication Notice**: The Settlement Administrator shall disseminate publication notice designed to effectuate a reach of at least 70% of Settlement Class Members. The digital publication notice program shall commence as soon as practicable following the entry of this Order and shall be completed no later than the Notice Date.

d. **Reminder Email Notice**: Both thirty (30) and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall issue reminder Email Notices substantially in the form attached to the Settlement Agreement to each Settlement Class Member that was sent the initial Email Notice and who has not yet filed a valid Claim Form.

e. **Settlement Website**: Within ten (10) days from entry of this Preliminary Approval Order, the Settlement Administrator shall establish and maintain an Internet website ("Settlement Website") where Settlement Class Members can obtain further information about the terms of the Settlement Agreement, their rights, important dates and deadlines, and related information. Settlement Class Members whose IP addresses match IP addresses provided by Forbes to Kroll shall be able to submit Claim Forms electronically via the Settlement Website. Settlement Class Members whose IP addresses do not match will be directed to

4

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO: 24-cv-09287-WHO

download and submit a paper Claim Form, which shall be available on the Settlement Website and upon request to the Settlement Administrator. The Settlement Website shall include the Complaint in this Action, the Settlement Agreement, the long-form notice, this Preliminary Approval Order, Settlement Class Counsel's fee and cost application (after it is filed), and other case documents as agreed upon by the Parties and/or required by the Court.

f.  At least seven (7) calendar days prior to the Final Approval Hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of persons who have excluded themselves in a valid and timely manner from the Settlement Class (the "Opt-Outs"), and Class Counsel shall file that list with the Court.

15.    The Court approves the form and content of the proposed Claim Form attached to the Settlement Agreement, approves the Claims Process set forth in the Settlement Agreement for Settlement Class Members to submit Claims, and directs the Parties and the Settlement Administrator to implement the Claims Process.

16.    Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than forty-five (45) calendar days after the Notice Date (the "Exclusion/Objection Deadline"). To be effective, the request for exclusion must clearly state that the Settlement Class Member desires to be excluded from the Settlement Class and be signed by such person or by a person providing a valid power of attorney to act on behalf of such person. Settlement Class Members cannot request exclusion as a class or group.

17.    Any Settlement Class Member who does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Class Counsel's motion for attorneys' fees, costs, or service awards. To be considered valid, an objection must be in writing, filed with or mailed to the Court no later than forty-five (45) calendar days after the Notice Date, and must include the following: (1) the full name, address, telephone number, and email address,

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO: 24-cv-09287-WHO

if any, of the Settlement Class Member; (2) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (3) copies of any papers, briefs, or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing; and (6) the signature of the Settlement Class Member or his/her counsel.

18.     Settlement Class Members who do not timely make their objections as provided herein will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement. Any Settlement Class Member who objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final. The Settlement Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Class Counsel and Defendant's Counsel.

19.     The Court will hold a Final Approval Hearing on _____ at _____ in the United States District Court for the Northern District of California. The purposes of the Final Approval Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing the Released Parties of all Released Claims as set forth in the Settlement Agreement; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Class Counsel's motion for attorneys' fees, costs, and service awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

20.     No later than the Notice Date, Plaintiffs and Class Counsel shall file their motion for attorneys' fees, costs, and service awards. Promptly after it is filed, this document shall be posted on the Settlement Website.

21.     No later than eighteen (18) days before the Final Approval Hearing, Plaintiffs and Class Counsel shall file their motion for final approval of the Settlement Agreement and any

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO: 24-cv-09287-WHO

responses to any Settlement Class Member objections.

22.    No later than ten (10) days before the Final Approval Hearing, the Settlement Administrator shall file a supplemental declaration stating the number of claims, requests for exclusion, and objections to date and attesting that Notice was disseminated consistent with the Settlement Agreement.

23.    The Court may, in its discretion, modify the date and/or time of the Final Approval Hearing. In the event the Court changes the date, time, and/or the format of the Final Approval Hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

24.    Only Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order, may be heard at the Final Approval Hearing.

25.    If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect, except for any obligations or provisions that are expressly designated in the Settlement Agreement to survive termination.

26.    Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

27.    Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Parties insofar as such action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum. This bar and injunction are necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO: 24-cv-09287-WHO

28.     This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Forbes or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of Forbes or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

29.     The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

30.     The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

31.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

32.     The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| EVENT | DEADLINE |
| --- | --- |
| CAFA Notice Pursuant to 28 U.S.C. § 1715(b) | Within 10 days of filing Motion for Preliminary Approval |
| Establishment of Settlement Website | Within 10 days from entry of Preliminary Approval Order |
| Forbes to Provide Class List to Settlement Administrator | Within 30 days from entry of Preliminary Approval Order |
| Notice Date | Within 60 days from entry of Preliminary Approval Order |
| Motion for Attorneys' Fees, Costs, Expenses, and Service Awards | Before Notice Date |
| Objection and Opt-Out Deadline | 45 days after Notice Date |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO: 24-cv-09287-WHO

| Claims Deadline | 90 days after Notice Date |
|---|---|
| Final Approval Motion and Response to Any Objections | 18 days before Final Approval Hearing |
| Deadline to Submit Notices of Appearance at the Final Approval Hearing | 18 days before Final Approval Hearing |
| Supplemental Declaration Regarding Notice, Claims, Exclusions, and Objections | 10 days before Final Approval Hearing |
| Final Approval Hearing | [To be set by Court] |
| Award Issuance Date | Begins 14 days after Effective Date |

**IT IS SO ORDERED.**

Dated: _____        _____

HON. WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
CASE NO: 24-cv-09287-WHO